PROB 12C
(6/16)

Report Date: April 25, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 25, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Lorensa Lori Muniz              Case Number: 0980 2:23CR00044-TOR-1

Address of Offender: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Richland, Washington 99352

Name of Sentencing Judicial Officer: The Honorable B. Lynn Winmill, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: August 26, 2020

| | |
|---|---|
| Original Offense: | Distribution of Methamphetamine, 21 U.S.C. § 841(a)(1) |
| Original Sentence: | Prison - 60 months; TSR - 48 months |

Type of Supervision: Supervised Release

| | |
|---|---|
| Revocation Sentence: (September 18, 2024) | Prison - 17 days (time served) TSR - 48 months |
| Asst. U.S. Attorney: | Michael Louis Vander Giessen |
| Defense Attorney: | Nathan Poston |

Date Supervision Commenced: September 18, 2024
Date Supervision Expires: September 17, 2028

## PETITIONING THE COURT

To issue a summons.

On September 24, 2024, a U.S. probation officer reviewed all conditions of supervision with Ms. Muniz. She signed a copy of her judgment and sentence acknowledging an understanding of her supervised release conditions, and was provided a copy.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 8**: You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| | **Supporting Evidence**: Ms. Muniz is considered to be in violation of her supervised release by knowingly communicating and interacting with someone who was previously convicted of a felony, Daniel Miranda, without first receiving permission from the probation officer, since on or about March 24, 2025. |

Prob12C
**Re: Muniz, Lorensa Lori**
**April 25, 2025**
**Page 2**

On April 1, 2025, Ms. Muniz reported to the U.S. Probation Office and informed this officer that she and Daniel Miranda, the father of her son, were considering reconciliation, and she was seeking permission to associate with him for that reason. Ms. Muniz is aware Mr. Miranda is a convicted felon. He has an extensive criminal history, and most recently was on active supervised release in the Eastern District of Washington after a revocation hearing, for District of Oregon case 6:16CR00082-AA-1, with the original offense being felon in possession of a firearm.

At the time of her request, Mr. Miranda was incarcerated pursuant to his own alleged supervised release violations. For this reason, this officer only approved contact via phone for purposes of communicating about their shared son, but approval for continued association related to their reconciliation would be postponed pending more information regarding Mr. Miranda's compliance.

On April 23, 2025, Ms. Muniz advised this officer via text message that she was approximately 1 month pregnant with Mr. Miranda's child. Ms. Muniz was instructed to report to the probation office the following day.

On April 24, 2025, this officer met with Ms. Muniz and discussed her interactions with Mr. Miranda. She reported meeting with Mr. Miranda for the first time on March 24, 2025, and having contact with him throughout the following week until he turned himself in on his outstanding warrant on March 28, 2025. It was during that week she became pregnant with Mr. Miranda's child.

Ms. Muniz originally reported that she texted her former supervising officer regarding contact with Mr. Miranda on or about March 24, 2025. However, she later supplied proof of a text message sent to the probation officer on March 28, 2025, asking for a call back regarding her child's father. No specific request was made for contact with Mr. Miranda in that message, and it is further noted that the communication was sent after Mr. Miranda was arrested and after approximately 5 days of unapproved contact with him.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

> I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on:   April 25, 2025
>
> s/Ashleigh Miller
>
> Ashleigh Miller
> U.S. Probation Officer

Prob12C
**Re: Muniz, Lorensa Lori**
**April 25, 2025**
**Page 3**

THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [X] The Issuance of a Summons
- [ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_/s/ Thomas O. Rice_
Thomas O. Rice
United States District Judge

April 25, 2025
Date